United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10721
Summary Calendar

DEJUAN ANDRE BOULDS,

Plaintiff-Appellant,

versus

PRISCELLA MILES; BOBBY THOMPSON; JERRY BECK,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-422
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

DeJuan Andre Boulds, Texas prisoner No. 7687730, appeals the dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim under 28 U.S.C. 1915A. Boulds alleged that, on specific dates in December 2005 and February 2006, he was subjected to sub-freezing temperatures in his cell because the prison heating system was not working properly. Boulds further alleged that, in addition to failing to maintain and repair the prison heating system, the defendants failed to provide prisoners with supplemental heaters and extra blankets during extremely cold periods and that they

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to investigate and respond to complaints that the heat was not working. Bould attached to his complaint prison grievance forms showing that he had exhausted his administrative remedies with regard to both periods when his cell was allegedly not heated.

The district court held that Boulds's allegations of "extremely cold temperatures in his cell block" did not state a violation of the Eighth Amendment because the Constitution does not require "comfortable prisons." See, e.g., Rhodes v. Chapman, 452 U.S. 337, 349 (1981) (holding that double-celling is constitutional). The district court also held that the allegation that prison officials failed to investigate Boulds's complaints and were deliberately indifferent to his needs did not state a claim for relief because Boulds had not shown "that the defendants exhibited anything more than a lack of due care" and that he had failed to establish that they had "a culpable state of mind."

A prison official has a duty to provide prisoners "the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 304 (1991). This requirement includes a responsibility to provide "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Allowing a prisoner to be exposed to extreme temperatures may violate the Eighth Amendment. See Wilson, 501 U.S. at 304; Gates v. Cook, 376 F.3d 323, 333-40 (5th Cir. 2004). In Wilson, the Supreme Court speculated that the combination of a failure to issue blankets and a cold cell at night could violate the Eighth Amendment. Moreover,

Boulds's charge that he complained to prison officials about the cold adequately alleges a culpable state of mind. We vacate the dismissal of the complaint and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.